**FILED**

**August 29, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:21 PM**



### TENNESSE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| Larry Thomas Schmidt, | ) | Docket No.: **2016-05-1255** |
| Employee, | ) | |
| v. | ) | |
| City of Dickson, | ) | State File No.: 75083-2014 |
| Employer, | ) | |
| And | ) | |
| TN Municipal League Pool, | ) | Judge Thomas Wyatt |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This matter came before the Court on August 23, 2017, for an Expedited Hearing. Mr. Schmidt presented several issues concerning medical benefits, including payment for a medical device used during authorized surgery and a functional capacity evaluation he obtained on his own, and approval for testing and ongoing treatment with the authorized treating physician. For the reasons set forth below, the Court orders the City of Dickson to provide the requested benefits.

### History of Claim

Mr. Schmidt worked as a utility employee for the City of Dickson. On September 22, 2014, the heavy rear gate of an eighteen-wheel dump truck fell open, slamming the open door of Mr. Schmidt's truck violently into his back. The impact knocked Mr. Schmidt forward, causing him to grab the steering wheel of his truck with both hands to stop the momentum caused by the impact.

Mr. Schmidt provided notice of his injury the day it occurred. He testified he reported that he injured his back, shoulders, and both hands.[1] Mr. Schmidt saw several physicians for authorized treatment of his injuries before coming under the care of

---

[1] The First Report of Injury indicated Mr. Schmidt reported injuries to multiple parts of his body.

1

orthopedist Dr. Thomas Dovan, who eventually operated on Mr. Schmidt's left wrist and left shoulder.

Mr. Schmidt underwent the left-shoulder surgery on April 1, 2016. Dr. Dovan conducted a pre-op examination on March 24, following which he authored a note ordering services including anesthesia and supplies including "knee SCDs,"[2] which he intended to use during Mr. Schmidt's shoulder surgery. (Ex. 4 at 1.)[3]

As part of the protocol on the date of surgery, Dr. Dovan and a nurse evaluated Mr. Schmidt to confirm his need for a surgical compression device. Both concluded he needed the device due to his age, tobacco use, and the length of surgery. Dr. Dovan signed a letter of medical necessity for a device called a Venaflow Elite Foam Calf Cuff.[4] During the hearing, Mr. Schmidt viewed a photograph depicting the use of the Venaflow device on a patient. (Ex. 15.) He testified that, when he awoke from surgery, his legs had wrapping around them like the legs of the person in the photograph.

Following surgery, MedSource, LLC billed the carrier $2,995.00 for the Venaflow device. The carrier denied payment because Dr. Dovan used the device on Mr. Schmidt's lower extremity when Mr. Schmidt did not claim a work-related lower extremity injury. To challenge this denial, Mr. Schmidt's counsel sent a letter asking Dr. Dovan whether his order of "a Venaflow Elite Foam Calf Cuff so [Mr. Schmidt] wouldn't throw a clot or get DVT based on certain risk factors" was "reasonable, necessary, and related to the workers' compensation surgery of the same day." Dr. Dovan responded "Yes."[5] (Ex. 7 at 2.) The bill for the compression device remains unpaid.

Regarding the FCE issue, the carrier authorized and paid for an FCE following Mr. Schmidt's shoulder surgery. Mr. Schmidt underwent that FCE in a van the evaluator

---

[2] "SCDs" means "surgical compression devices." The device protects against a blood clot during surgery. Dr. Dovan's Orders Note indicated he uses surgical compression devices during all surgeries requiring other than local anesthesia.

[3] The City of Dickson paid for all services and supplies ordered by Dr. Dovan, except the compression device.

[4] Mr. Schmidt also signed the letter of necessity. He testified he signed several papers without reading them just before undergoing anesthesia.

[5] The City of Dickson objected to the introduction of Dr. Dovan's responses because Mr. Schmidt filed them later than ten days before the hearing contrary to the Bureau's rules. Mr. Schmidt's counsel explained that he sent the causation inquiry to Dr. Dovan on June 24, 2017, two months before the hearing, and periodically called Dr. Dovan's office to obtain a timely response. Despite his efforts, counsel did not receive Dr. Dovan's response until the day before he filed it with the Clerk. The Court held the described circumstances warranted admission of the evidence.

drove to a Wal-Mart parking lot near his home. Mr. Schmidt described the testing area as cramped and shabby and testified the cramped conditions inside the van limited his ability to perform the testing activities.

Robert Pearse, who is not a licensed physical therapist or occupational therapist, conducted this FCE and evaluated Mr. Schmidt's performance as unreliable. Dr. Dovan noted following the FCE that, "[t]he FCE reports inconsistent effort thus [I] could not recommend work restrictions [for Mr. Schmidt]." Mr. Schmidt disagreed with Mr. Pearse's assessment that he did not give full effort. He told Dr. Dovan that he gave full effort, but had difficulty performing the testing activities due to pain, restricted movement, and weakness in his left shoulder. Dr. Dovan noted the following response:

> The FCE is the best study we have. Although it is not perfect, it is our best study. If [Mr. Schmidt] feels that it is not an appropriate evaluation of his effort, then we can try to get another FCE. He would like to do that. We are going to order another FCE and proceed from there.

(Ex. 2 at 2-3.)

Mr. Schmidt obtained an FCE on his own when the carrier failed to authorize the second FCE ordered by Dr. Dovan.[6] Jeremiah Wakefield, a physical therapist, conducted and evaluated the second FCE. (Ex. 9 at 11.) He recommended lifting and positional restrictions on Mr. Schmidt's activities after concluding that Mr. Schmidt gave a valid effort despite experiencing increased pain while performing the FCE. Mr. Schmidt paid $600.00 for this FCE. (Ex. 5 at 2.)

Mr. Schmidt's counsel sent a causation letter to Dr. Dovan about the second FCE. Dr. Dovan marked "Yes" to an inquiry as to whether the second FCE was "reasonable, necessary, related to the injury, and made necessary because of the problems with the first FCE." (Ex. 7 at 2.). Dr. Dovan also marked "Yes" to an inquiry whether Dr. Dovan intended that a licensed physical therapist or occupational therapist perform the first FCE.[7]

Turning now to the right-upper-extremity EMG and ongoing care issues, Mr. Schmidt testified that Dr. Dovan ordered the EMG following his most recent treatment

---

[6] The parties presented little evidence on the factual aspect of this issue. The City of Dickson admitted that it denied the second FCE but presented no evidence of why and in what manner it did so. Mr. Schmidt presented no evidence as to what, if any, contact he made with the City of Dickson or its carrier to inform them he intended to obtain a second FCE on his own.

[7] The City of Dickson argued Dr. Dovan's opinion on this issue is irrelevant since Mr. Pearse possessed sufficient educational requirements and certifications to perform FCEs. Neither party introduced evidence showing the necessary educational requirements and certifications to perform FCEs.

3

visit.[8] The City of Dickson argued it is not responsible to pay for treatment of Mr. Schmidt's right upper extremity because he did not timely report a right-upper-extremity injury. Mr. Schmidt countered without rebuttal that he reported injury to both his arms and hands on the date of injury. Mr. Schmidt also claimed the carrier refused to schedule any follow-up care with Dr. Dovan. Dr. Dovan answered "Yes" to Mr. Schmidt's counsel's inquiry as to whether the EMG and follow-up care represented reasonable and necessary treatment of Mr. Schmidt's work injuries.

## Findings of Fact and Conclusions of Law

### General Legal Principles

The following legal principles guide the Court's consideration of the issues presented during the hearing. Mr. Schmidt bears the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). Because this claim is in the posture of an Expedited Hearing, he need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, Mr. Schmidt must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

Tennessee Code Annotated section 50-6-204 governs an employer's duty to provide medical benefits. Section 50-6-204(a)(1)(A) requires the employer to "furnish, free of charge to the employee, such medical and surgical treatment, medicine, medicinal and surgical supplies . . . made reasonably necessary by [the work-related] accident[.]" Section 50-6-204(a)(3)(H) provides that "[a]ny treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3), or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee."

### Surgical Compression Device

The Court first addresses the compression device used during Mr. Schmidt's shoulder surgery. Dr. Dovan ordered the device prior to surgery and confirmed its necessity on the day of surgery when he and a surgical nurse concluded that Mr. Schmidt was at risk for blood clotting during surgery. After the compensability issue arose, Mr. Schmidt's counsel obtained Dr. Dovan's opinion that the use of a compression device during surgery represented reasonable and necessary medical treatment. The law affords Dr. Dovan's opinion a presumption of correctness.

---

[8] The parties did not submit the note from this visit into evidence.

4

The carrier did not rebut Dr. Dovan's opinion, thus the Court finds no merit to the argument that the device is not compensable because Dr. Dovan did not apply it to Mr. Schmidt's left shoulder. Dr. Dovan used the device to prevent blood clotting in Mr. Schmidt's legs during the authorized left-shoulder surgery, thus the Court holds that, in a hearing on the merits, Mr. Schmidt will likely prevail in proving that the compression device qualifies as a compensable surgical supply that the law requires the City of Dickson to provide free of charge to Mr. Schmidt. Accordingly, the carrier shall pay for the compression device after the provider of the device submits an appropriate billing request therefore.

*Second FCE*

The Court now turns to the issue of whether Mr. Schmidt is entitled to receive reimbursement of the $600.00 he paid for the second FCE. The evidence indicated Dr. Dovan would not make an important assessment in Mr. Schmidt's claim—whether Mr. Schmidt needed restrictions based on his work injuries—because the evaluator determined Mr. Schmidt gave unreliable effort in completing the first FCE. After considering Mr. Schmidt's concerns about the validity of that assessment, Dr. Dovan ordered another FCE. Dr. Dovan later gave the opinion that the second FCE was reasonable and necessary in light of the fact the first FCE evaluator was not a licensed physical therapist or occupational therapist, and Mr. Schmidt disagreed that he gave less than full effort.

The carrier did not rebut the presumption of reasonableness and necessity afforded Dr. Dovan's, the ATP's, order for the second FCE. Thus, the Court finds that Mr. Schmidt will likely prevail at trial in establishing that the second FCE constitutes reasonable and necessary treatment. Where an employer refuses to authorize medical treatment, it bears the risk a court will hold it responsible for unauthorized expenses incurred by the employee if a court later deems that the treatment in question is compensable. An employer who elects to deny a claim or treatment runs the risk of liability for medical benefits obtained from a provider of the employee's choice. *See Young v. Young Elec. Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS, at *16 (May 25, 2016).

The carrier's decision to deny the second FCE forced Mr. Schmidt to obtain an FCE on his own so Dr. Dovan could determine appropriate restrictions on Mr. Schmidt's activities. Thus, the carrier shall reimburse Mr. Schmidt $600.00 for the second FCE.

*EMG and Ongoing Medical Treatment*

The final issues involve the carrier's failure to authorize a right-upper-extremity EMG ordered by Dr. Dovan and to authorize follow-up treatment with Dr. Dovan. Mr.

Schmidt testified no one at the City of Dickson or its carrier "will talk to him" to schedule ongoing medical treatment.

The carrier did not rebut Dr. Dovan's opinion that the EMG constituted reasonable and necessary treatment of Mr. Schmidt's compensable injuries. Neither did it rebut Dr. Dovan's opinion that Mr. Schmidt requires ongoing treatment. The carrier's reliance on a lack-of-notice defense regarding Mr. Schmidt's alleged right-upper-extremity injury is without merit. It produced no witness to rebut Mr. Schmidt's testimony that he gave notice on the date of injury that he injured both his hands on the job.[9] Therefore, the Court holds that, at a hearing on the merits, Mr. Schmidt will likely prevail in establishing the carrier's liability to pay for the ordered EMG. Furthermore, the law requires that the carrier provide ongoing medical treatment of Mr. Schmidt's compensable injuries by the authorized treating physician.

*Penalty Referral*

Tennessee Code Annotated section 50-6-118 (2016) enumerates several deficiencies in the employer's/carrier's administration of a workers' compensation claim for which the Bureau may establish and collect penalties. Included among the enumerated circumstances is the employer's or its carrier's "[f]ailure . . . to timely provide medical treatment made reasonably necessary by the accident and recommended by the authorized treating physician or operating physician." Tenn. Code Ann. § 50-6-118(a)(11). The Court holds the carrier failed to timely pay for the surgical device, the second FCE, and the right-upper-extremity EMG ordered by Dr. Dovan. The Court, thus, refers this matter to the Bureau's penalty unit.

**IT IS, THEREFORE, ORDERED** as follows:

1. The City of Dickson and/or its carrier shall promptly pay the charge for the surgical compression device upon the provider's presentment of the charge in a manner that complies with the Bureau's rules.

2. The City of Dickson and/or its carrier shall promptly reimburse Mr. Schmidt $600.00 for the charge he paid for the second FCE.

3. The City of Dickson and/or its carrier shall promptly authorize the right-upper-extremity EMG.

---

[9] The First Report of Injury indicated Mr. Schmidt gave notice on the date of injury that he suffered multiple injuries.

4. The City of Dickson and/or its carrier shall promptly schedule an appointment for Mr. Schmidt to see Dr. Dovan for authorized treatment of his compensable injuries.

5. The Court refers this claim to the Bureau's penalty division for consideration of an appropriate penalty.

6. This matter is set for a Status Hearing on **October 30, 2017, at 9:00 a.m. Central Time.** You must call (855) 747-1721 (toll-free) or (615) 741-3061 to participate in the Status Hearing. You must call in at the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

7. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

8. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 29th day of August, 2017.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

7

## APPENDIX

<u>Exhibits</u>: The Court admitted the following items into evidence during the Expedited Hearing:

1. First Report of Injury;
2. Records of Elite Sports Medicine & Orthopedics-Nashville/Dr. Thomas Dovan;
3. Records of Baptist Plaza Surgicare;
4. Records pertaining to the surgical compression device;
5. MedSource LLC records;
6. TML letter denying payment for surgical compression device;
7. Dr. Dovan's responses to letter from Mr. Schmidt's counsel (the Court denied objection based on late-filing);
8. Functional Capacity Evaluation performed at ATI Physical Therapy;
9. Functional Capacity Evaluation performed at Star Physical Therapy;
10. Certifications of Robert D. Pearse;
11. Causation Questionnaire signed by Dr. Dovan;
12. Records of Outpatient Diagnostic Center;
13. Star Physical Therapy bill;
14. Correspondence between TML and Elite Sports Medicine & Orthopedics (the Court sustained an objection to the pricing information in the document because of the lack of a testimony laying the foundation for the evidence);
15. Photograph of surgical compression device; and
16. Advertising document from Source Ortho (for identification only because the Court sustained objection based on (1) the lack of testimony laying the foundation for the pricing information in the document; and (2) Mr. Schmidt's failure to identify the devices depicted in the document).

<u>Technical record</u>: The Court marked the following documents as the Technical Record it considered in the August 23, 2017 Expedited Hearing in this claim:

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Additional issue to the DCN listed by City of Dickson;
4. Request for Expedited Hearing;
5. Notice of Expedited Hearing;
6. City of Dickson's Response in Opposition to REH;
7. Notice of Appearance; and
8. Affidavit filed with REH.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of August, 2017.

| Name | Certified Mail | Via Email | Email Address |
|---|---|---|---|
| J. Allen Brown, Employee Attorney | | X | allen@jallenbrownpllc.com |
| Stephen Elliott, Bryan Jakes, Employer Attorneys | | X | selliott@howell-fisher.com; Bryanj@howell-fisher.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov